UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------X

ALEXIS GARCIA, ALVIN MALDONADO,ANTONIO
MONTIEL, DAVID TORRES, GREVIL MARTINEZ,
JOSUE MARTINEZ, LUIS MIGUEL ZALDIVAR,
LUIS SAMUEL MARTINEZ, LUIS MARTINEZ ESCOTO,
STENFORD ANDREW MITCHELL, WANDY RAMIREZ,

                                    Plaintiffs,                          **COMPLAINT**

               -against-

PADIN DAY INTERIOR GROUP LLC, and
PAMIRO PADIN, individually

                                    Defendants.

------------------------------------------------------------------------------------X

Plaintiffs Alexis Garcia ("Garcia"), Alvin Maldonado ("Maldonado"), Antonio Montiel ("Montiel"), David Torres ("Torres"), Grevil Martinez ("Martinez"), Josue Martinez ("Martinez"), Luis Miguel Zaldivar ("Zaldivar"), Luis Samuel Martinez ("Samuel Martinez"), Luis Martinez Escoto ("Escoto"), Stenford Andrew Mitchell ("Mitchell"), Wandy Ramirez ("Ramirez") collectively referred to herein as "Plaintiffs"), by and through their attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Padin Day Interior Group LLC ("Padin LLC") and Ramiro Padin ("Padin"), individually (collectively "Defendants"), allege the following:

**PRELIMINARY STATEMENT**

1.      This is a civil action brought by Plaintiffs to recover for unpaid earned wages under New York Labor Law § 663.

2.      Plaintiffs also bring this action stemming from the failure of Defendants to pay overtime in compliance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3.      Plaintiffs worked as carpenters and helpers at Paidin LLC a company owned and operated by Ramiro Padin.

4.      Plaintiffs bring this action under the Wage Theft Prevention Act for Defendants' failure to provide Notice and Acknowledge of Pay Rate and Payday under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the New York Wage Theft Prevention Act.

5.      Plaintiffs also bring this action stemming from the failure of Defendants to reimburse Plaintiffs for tools-of-the-trade expenses under NYLL.

6.      Plaintiffs seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay earned wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

8.      This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

9.      As there is complete diversity of citizenship and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial

part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff Alexis Garcia

11.     Plaintiff Alexis Garcia is an individual who resides in the Bronx New York.

12.     Plaintiff Alexis Garcia was employed at Padin Day LLC.

13.     Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

### Plaintiff Alvin Maldonado

14.     Plaintiff Alvin Maldonao is an individual who resides in the Bronx, New York.

15.     Plaintiff Alvin Maldonado was employed at Padin Day LLC.

16.     Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

### Plaintiff Antonio Montiel

17.     Plaintiff Antonio Montiel is an individual who resides in the Bronx, New York.

18.     Plaintiff Antonio Montiel was employed at Padin Day LLC.

19.     Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

### Plaintiff David Torres

20.     Plaintiff David Torres is an individual who resides in the Bronx, New York.

21.     Plaintiff David Torres was employed at Padin Day LLC.

22.     Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

### Plaintiff Grevil Martinez

23.     Plaintiff Grevil Martinez is an individual who resides in the Bronx, New York.

24.     Plaintiff Grevil Martinez was employed at Padin Day LLC.

25.     Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Plaintiff Josue Martinez**

26.     Plaintiff Josue Martinez is an individual who resides in the Bronx, New York.

27.     Plaintiff Josue Martinez was employed at Padin Day LLC.

28.     Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Plaintiff Luis Miguel Zaldivar**

29.     Plaintiff Luis Miguel Zaldivar is an individual who resides in the Bronx, New York

30.     Plaintiff Luis Miguel Zaldivar was employed at Padin Day LLC.

31.     Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Plaintiff Luis Samuel Martinez**

32.     Plaintiff Luis Samuel Martinez is an individual who resides in the Bronx, New York

33.     Plaintiff Luis Samuel Martinez was employed at Padin Day LLC.

34.     Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Plaintiff Luis Martinez Escoto**

35.     Plaintiff Luis Martinez Escoto is an individual who resides in the Bronx, New York.

36.     Plaintiff Luis Martinez Escoto was employed at Padin Day LLC.

37.     Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

**Plaintiff Stenford Andrew Mitchell**

38.     Plaintiff Stenford Andrew Mitchell is an individual who resides in the Bronx, New York.

39.     Plaintiff Stenford Andrew Mitchell was employed at Padin Day LLC.

40.     Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

**Plaintiff Wandy Ramirez**

41.     Plaintiff Wandy Ramirez is an individual who resides in the Bronx, New York.

42.     Plaintiff Wandy Ramirez was employed at Padin Day LLC.

43.     Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

**Defendant Padin Day Interior Group.**

44.     Defendant Padin LLC is a New Jersey Corporation with its principal business address located at 184 Bank Street, Midland Park, NJ 07432, in Bergen County.

45.     Upon information and belief, Ramiro Padin is the owner of Padin LLC.

46.     At all times relevant to this action, Padin LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA

47.     On information and belief, Padin LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Ramiro Padin**

48.     Upon information and belief, Defendant Ramiro Padin is the owner of Padin LLC.

49.     Defendant Padin is a person engaged in business in Richmond County, who is sued individually in his capcity as an owner, officer, and/or agent of Paidin LLC.

50.     Defendant Padin is sued individually and in his capacity as an owner of Padin LLC.

51.     Defendant Padin employed Plaintiffs at all times relevant.

52.     Defendant Padin exercises sufficient control over Padin LLC to be considered the Plaintiffs' employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and establish and maintain policies regarding the pay practices at Padin LLC.

53.     Defendant Padin had substantial control over Plaintiffs' working conditions and practices alleged herein.

## STATEMENT OF FACTS

**Plaintiffs' Employment at Padin Day Interior Group**

54.     Plaintiffs were employed by Defendants as carpenters and helpers.

55.     Defendants were supposed to pay carpenters $300 per day even though carpenters are non-exempt and therefore should be paid hourly.

56.     Defendants were supposed to pay helpers $200 per day even though helpers are non-exempt and therefore should be paid hourly.

57.     Plaintiffs were not paid for the last two weeks of their labor.

58.     Defendants also failed to reimburse Plaintiffs for expenses pertaining to this construction project.

59.     Throughout their employment with Defendants, Plaintiffs worked approximately 56 hours a week.

60.     Defendants, though, did not pay Plaintiffs overtime in compliance with the FLSA and the NYLL.

**Defendants' Violations of the Wage Theft Prevention Act**

61.     The NYLL Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates.

62.     Throughout the relevant time period, Defendants paid Plaintiffs wages without an accurate accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the net wages.

63.     Plaintiffs were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; the regular

payday designated by the employer in accordance with NYLL 191; the name of the

employer; any "doing business as" names used by the employer; the physical address of

the employer's main office or principal place of business, and a mailing address if different;

the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### Failure to Pay Earned Wages in Violation of New York Labor Law

64.     Plaintiffs repeat, reallege and incorporate by reference the foregoing allegations as if set

        forth fully and again herein.

65.     At all relevant times, Plaintiffs were "employees' within the meaning of the New York

        Labor Law.

66.     Similarly, at all relevant times, Defendants, including the individually named Defendant,

        were "employers" within the meaning of the New York Labor Law.

67.     Defendants failed to pay Plaintiffs their earned wages for the periods of time and in the

        manner as set forth above.

68.     Defendants' failure to pay Plaintiffs their earned wages was willful and not based on any

        good faith belief of compliance with New York Labor Law § 663, et seq.

69.     As a result of the foregoing, Plaintiffs have been denied wages required under New York

        Labor Law § 663, et seq., and are entitled to an award of unpaid wages in an amount to

        be determined at trial, plus liquidated damages, prejudgment interest and reasonable

        attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages

70.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

71.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the

supporting federal regulations, apply to Defendants and protect Plaintiffs.

72.     Defendants willfully failed to pay Plaintiffs the appropriate overtime premiums for all

hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§

201 *et seq.*, and the supporting federal regulations.

73.     Defendants' unlawful conduct, as described in this Complaint, has been willful and

intentional.  Defendants are aware or should have been aware that the practices described

in this Complaint were unlawful.  Defendants have not made a good faith effort to comply

with the FLSA with respect to the compensation of Plaintiffs.

74.     Because Defendants' violations of the FLSA have been willful, a three-year statute of

limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

75.     As a result of Defendants' willful violations of the FLSA, Plaintiffs have been deprived of

overtime compensation in amounts to be determined at trial, and is entitled to recovery of

such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other

compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## THIRD CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

76.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

77.     Defendants failed to pay Plaintiffs the proper overtime wages to which they are entitled

under the NYLL and the supporting New York State Department of Labor Regulations.

78.     Defendants failed to pay Plaintiffs the appropriate overtime premiums for all work more

than forty hours per workweek.

79.     Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours

worked more than forty hours per workweek, Defendants have willfully violated the

NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

80. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**

81. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

82. Defendants willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs in their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular payday designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

84. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars per work day that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars, reasonable attorneys' fees,

costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION
### New York Labor Law- Failure to Provide Wage Statements

85.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86.     Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

87.     Through their knowing or intentional failure to provide Plaintiffs with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations regulations.

88.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## SIXTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

89.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

90.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their job, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.C § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the entry of an order and judgment against the Defendants, Padin Day Interior Group LLC and Ramiro Padin as follows:

(a) Damages

(b) Damages for the unpaid overtime due to Plaintiffs, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(c) Damages for unpaid overtime wages due to Plaintiffs in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL, attorneys' fees, and the cost of the action;

(d) Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(f) Awarding damages stemming from the failure of Defendants to reimburse Plaintiffs for expenses;

(g) For pre-judgment and post-judgment interest on the foregoing amounts;

(h) For their costs and disbursements of this action, including attorneys' fees; and

11

(i)  For such other further and different relief as this Court deems just and proper.

Dated: July 25, 2022
        New York, New York

                                             **THE LAW OFFICES OF JACOB ARONAUER**

                                             Respectfully submitted,

                                             */s/ Jacob Aronauer*_____
                                             Jacob Aronauer
                                             225 Broadway, 3rd Floor
                                             New York, NY 100017
                                             (212) 323-6980
                                             jaronauer@aronauerlaw.com
                                             *Attorney for Plaintiffs*

12