UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ALEXIS GARCIA, ALVIN MALDONADO, ANTONIO MONTIEL, DAVID TORRRES, GREVIL MARTINEZ, JOSUE MARTINEZ, LUIS MIGUEL ZALDIVAR, LUIS SAMUEL MARTINEZ, LUIS MARTINEZ ESCOTO, STENFORD ANDREW MITCHELL, and WANDY RAMIREZ,

     *Plaintiffs*,

 -against-

PADIN DAY INTERIOR GROUP, LLC, and RAMIRO PADIN, individually,

     *Defendants*

PADIN DAY INTERIOR GROUP, LLC,

     *Third-Party Plaintiff*,

 -against-

MR. PLASTER, LLC (a New York Limited Liability Company); JANE DOES 1-10, and BUSINESS ENTITIES A-J,

     *Third-Party Defendants*.

22-CV-4356 (ARR) (CLP)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

  Plaintiffs, laborers and painters, sued defendants, Padin Day Interior Group, LLC and Ramiro Padin, alleging various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). First Am. Compl. ¶¶ 1–6 ("FAC"), ECF No. 9. Padin Day filed a third-party complaint against Mr. Plaster, LLC and counterclaims against plaintiff David Torres, Mr. Plaster LLC's principal (collectively, "the Mr. Plaster parties"); it contends that these parties are liable for fraud and negligent workmanship, and seeks indemnification from the Mr. Plaster

parties and a declaratory judgment that they, not Padin Day, are plaintiffs' employer.[1] Countercl. & Third-Party Compl. ¶¶ 1–7, 46–74, ECF No. 29. Before me now is the Mr. Plaster parties' motion to dismiss Padin Day's Counterclaim and Third-Party Complaint.[2] For the reasons set forth below, I GRANT the motion.

## BACKGROUND

Plaintiffs allege that Padin Day employed them as "carpenters and helpers," and that they were covered employees within the meaning of the FLSA and NYLL. FAC ¶¶ 13, 16, 19, 22, 25, 28, 31, 34, 37, 40, 43, 54. They contend that Padin Day failed to pay them earned wages in violation of the NYLL, *id.* ¶¶ 65–70; to pay them overtime wages in violation of the FLSA and NYLL, *id.* ¶¶ 71–81; to provide annual wage notices and wage statements in violation of the NYLL, *id.* ¶¶ 82–89; and to reimburse equipment costs in violation of the FLSA and NYLL, *id.* ¶¶ 90–91.

Padin Day tells quite another story—one in which plaintiffs initiated this lawsuit as retaliation after Padin Day withheld payment due to substandard work and broken equipment. *See generally* Countercl. & Third-Party Compl. Specifically, it alleges that it was retained as a project manager for a construction project, and that it in turn retained Mr. Plaster, LLC as a subcontractor

---

[1] Padin Day originally also named Unity Construction Group, LLC as a third-party defendant, but the parties stipulated to Unity's dismissal. *See* Countercl. & Third-Party Compl. ¶ 7; Stip. Dismissal, ECF No. 45.

[2] The motion is styled as a motion to dismiss defendants' counterclaims, and it is unclear whether the memorandum in support of the motion is filed on behalf of only counterclaim defendant Torres, or also third-party defendant Mr. Plaster, LLC. *See* Mot. Dismiss, ECF No. 55; Mem. Supp. Mot. Dismiss, ECF No. 56. The reply in support of the motion, however, characterizes the motion as one brought by both Mr. Torres and Mr. Plaster, LLC. *See* Reply Supp. Mot. Dismiss ("Reply"), ECF No. 58. Because Padin Day has not argued that the motion is on behalf of only Mr. Torres and because the reply characterizes the motion as being on behalf of both Mr. Torres and Mr. Plaster, LLC, I construe the motion as seeking to dismiss the counterclaims against Mr. Torres and the third-party claims against Mr. Plaster, LLC.

to provide labor services for the painting work involved in that project. Countercl. & Third-Party Compl. ¶¶ 2, 14, 18. Padin Day further alleges that Mr. Plaster, LLC provided "its own team of laborers." *Id.* ¶ 19. According to the Counterclaim and Third-Party Complaint, the Mr. Plaster parties and Padin Day "execut[ed]" an "actual work agreement" to retain the Mr. Plaster parties' services and ensure payment. *Id.* ¶¶ 20–21. Padin Day contends that the Mr. Plaster parties represented that "Mr. Plaster and its employees were qualified and skilled painters," but that this turned out not to be the case: Padin Day "found the quality of the work performed in certain areas to be substandard or worse," and also discovered that Mr. Plaster "had broken some of Padin Day's equipment." *Id.* ¶¶ 22, 31–32. By its telling, Padin Day accordingly withheld payment to the Mr. Plaster parties to cover the cost of repairs. *Id.* ¶¶ 33, 37. Padin Day characterizes plaintiffs' lawsuit as "frivolous" and a form of "retaliat[ion] against Padin Day for withholding pay." *Id.* ¶ 40.

Padin Day argues that the Mr. Plaster parties engaged in fraud when they "misrepresented that [they] would perform pursuant to the agreements between the parties." *Id.* ¶¶ 46–51. It further seeks to hold the Mr. Plaster parties liable for "negligent workmanship." *Id.* ¶¶ 52–57. Additionally, Padin Day seeks indemnification from the Mr. Plaster parties and requests a declaratory judgment stating that Padin Day is not plaintiffs' employer; the Mr. Plaster parties *are* plaintiffs' employer; and Padin Day and Mr. Padin are entitled to an award of counsel fees and costs.[3] *Id.* ¶¶ 58–74.

---

[3] Padin Day further seeks a declaratory judgment that Unity is plaintiffs' joint employer. Countercl. & Third-Party Compl. ¶ 74(c). Because the parties have stipulated to Unity's dismissal, I do not address this issue. *See supra* note 1. In any event, as this opinion explains, Padin Day is not entitled to a declaratory judgment of any sort.

3

**DISCUSSION**

**I.  Fraud**

Under New York law, "[t]he elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages."[4] *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 883 N.Y.S.2d 147, 150 (2009). When brought in federal court, "such a claim must be pleaded with particularity" pursuant to Federal Rule of Civil Procedure 9(b). *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009). This rule requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this requirement, a pleading "must specify the time, place, speaker, and content of the alleged misrepresentations, explain how the misrepresentations were fraudulent, and plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (cleaned up). Although Rule 9(b) permits "[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally," Fed. R. Civ. P. 9(b), a pleading may nonetheless be insufficient under the pleading standard established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which requires a complaint to "contain enough factual allegations to make the claim one that is not just conceivable but 'plausible.'" *Meyer v. Seidel*, 89 F.4th 117, 139 (2d Cir. 2023) (quoting *Iqbal*, 556 U.S. at 680). "'Threadbare recitals of the elements of a cause of action' may not suffice . . . especially when there may be an 'obvious alternative explanation.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678, 682).

---

[4] The parties' dispute over whether Padin Day is asserting a claim of fraud or fraudulent inducement is immaterial, given that neither party makes any colorable argument that the elements of the two claims differ, *see* Opp'n Mot. Dismiss 7 ("Opp'n"), ECF No. 57; Reply 1–3, and indeed under New York law fraudulent inducement does not appear to be a distinct claim from fraud, *see Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 81 N.Y.S.3d 816, 821–22 (2018).

Padin Day's fraud claim fails on nearly every element. The Counterclaim and Third-Party Complaint alludes vaguely to a "representations from . . . [the Mr. Plaster parties] that Mr. Plaster and its employees were qualified and skilled painters" and deems this a "misrepresent[ation]," Countercl. & Third Party Compl. ¶¶ 22, 48, but it fails entirely to "specify the time, place, speaker, and content of the alleged misrepresentations," *Cohen*, 711 F.3d at 359 (quotation marks omitted). This falls short of Rule 9(b)'s particularity requirement. Padin Day's assertions of knowledge and intent are entirely conclusory, *see* Countercl. & Third-Party Compl. ¶ 48, and there is an "obvious alternative explanation" for the Mr. Plaster parties' actions, *Meyer*, 89 F.4th at 139 (quoting *Iqbal*, 556 U.S. at 682): that any substandard work or broken equipment was an accident, rather than the result of intentional fraud. Padin Day's pleading of these elements therefore fails to satisfy at least the pleading standard established by *Iqbal*, and likely also that set by Rule 9(b), given that the Counterclaim and Third-Party Complaint alleges nothing "which give[s] rise to a strong inference that the [Mr. Plaster parties] had an intent to defraud, [or] knowledge of the falsity" of any of their representations. *Cohen*, 711 F.3d at 359 (quotation marks omitted).

Even if the Counterclaim and Third-Party Complaint sufficiently alleges damages—which is questionable, given that it characterizes the "harm to Padin Day" as arising from the initiation of litigation against it rather than from the Mr. Plaster parties' allegedly substandard workmanship,[5] Countercl. & Third Party Compl. ¶ 50—it cannot establish any of the other elements of fraud. I accordingly GRANT the Mr. Plaster parties' motion to dismiss Padin Day's fraud claim but do so without prejudice and with leave to amend. *See ATSI Commc'ns, Inc. v.*

---

[5] Padin Day does contend in a footnote that "the entirety of the complaint" is itself "fraudulent and frivolous." Opp'n 7 n.1. This argument is entirely conclusory, however, and therefore also fails to satisfy the pleading standards of both Rule 9(b) and Rule 12(b)(6).

5

*Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007) ("District courts typically grant plaintiffs at least one opportunity to plead fraud with greater specificity when they dismiss under Rule 9(b).").

## II. Negligent Workmanship

Padin Day styles its second cause of action as a claim for "negligent workmanship"; it describes this cause of action using the language of a tort, alleging that the Mr. Plaster parties created a duty to Padin Day to "perform at the highest quality skill" when they represented that they were "proficient and qualified," and in turn "breached that duty" when they performed substandard work. Countercl. & Third-Party Compl. ¶¶ 52–57. Padin Day contends that the Mr. Plaster parties are conflating the tort of "general negligence with negligent workmanship," but does not point to any caselaw identifying the elements of the purported tort of "negligent workmanship." Opp'n Mot. Dismiss 8, 8–10 ("Opp'n"), ECF No. 57. In a pre-motion letter, Padin Day cited *Feldin v. Doty*, 848 N.Y.S.2d 374 (3d Dep't 2007), as support for the existence of this tort, but *Feldin* was a contract action in which the counterclaiming defendant argued that the plaintiff had failed to perform in a workmanlike manner. *Id.* at 375.

Padin Day's claim fails either way. If I treat it as a negligence claim, Padin Day must confront the "well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 521 N.Y.S.2d 653, 656 (1987). Padin Day insists that there was no contract between the parties, see Opp'n 8–10, but the Counterclaim and Third-Party Complaint suggests otherwise, describing the "execution" of an "actual work agreement" designed to "retain and ensure payment." Countercl. & Third-Party Compl. ¶¶ 20–21. In short, Padin Day appears to want the agreement at issue to function as a contract insofar as it relies on *Feldin*, but to disavow any contractual relationship insofar as it attempts to raise a separate negligence claim. It cannot

6

have it both ways. And in any event, even if I assume that the agreement was not a contract, Padin Day has alleged the elements of negligence—(1) "duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof," *Akins v. Glens Falls City Sch. Dist.*, 441 N.Y.S.2d 644, 648 (1981)—in only conclusory terms, *see* Countercl. & Third-Party Compl. ¶¶ 54–56. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

If I treat Padin Day's claim as a contract claim—as *Feldin*, the sole case upon which it relies, would suggest—it similarly fails because Padin Day has failed to allege, if not outright disavowed, "the existence of a contract, [Padin Day's] performance thereunder, the [Mr. Plaster parties'] breach thereof, and resulting damages." *Harris v. Seward Park Hous. Corp.*, 913 N.Y.S.2d 161, 162 (1st Dep't 2010).

I accordingly GRANT the Mr. Plaster parties' motion to dismiss Padin Day's claim of negligent workmanship. Padin Day has not requested leave to amend this claim, and I am not required to "grant a request that was not made." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011). That said, because leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), and because Padin Day could conceivably replead its claim for negligent workmanship as a simple breach of contract claim, see *Feldin*, 848 N.Y.S.2d at 375–76, I dismiss this claim with leave to amend and without prejudice.

### III.    Indemnification

Padin Day next seeks indemnification from all counterclaim defendants and third-party defendants. Countercl. & Third-Party Compl. ¶¶ 58–71. Because any agreement at issue here does not mention indemnification, *see id.*, Ex. A, ECF No. 29-1, I construe this as a claim for implied indemnification. Under New York law, this form of indemnification "permits one who has been

7

compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party." *17 Vista Fee Assocs. v. Tchrs. Ins. & Annuity Ass'n of Am.*, 693 N.Y.S.2d 554, 557 (1st Dep't 1999). It is "a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment at the expense of another." *Mas v. Two Bridges Assocs.*, 555 N.Y.S.2d 669, 674 (1990).

  The Mr. Plaster parties are correct that this claim is moot with regards to Unity Construction Group, LLC, because the parties have stipulated to Unity's dismissal. *See* Mem. Supp. Mot. Dismiss 5–6 (ECF No. 56); Stip. Dismissal, ECF No. 45. They are similarly correct that it would be improper to require the Mr. Plaster parties to indemnify Padin Day for any damages it incurs because of plaintiffs' suit. If Padin Day is ultimately determined to owe damages to plaintiffs for its alleged violations of the FLSA and NYLL, it will necessarily have been deemed an employer for the purposes of those statutes. *See Zabrodin v. Silk 222, Inc.*, No. 22-CV-7064 (KAM), ---- F. Supp. 3d ----, 2023 WL 8009319, at *7 (E.D.N.Y. Nov. 20, 2023) ("As a threshold matter, Plaintiffs must show an employer-employee relationship between themselves and Defendants to prevail on their FLSA and NYLL claims."). If Padin Day was indeed plaintiffs' employer and did indeed violate the FLSA and NYLL, requiring it to pay damages without indemnification from the Mr. Plaster parties would not result in the Mr. Plaster parties' unjust enrichment. Moreover, requiring the Mr. Plaster parties to indemnify Padin Day would run counter to the principles of implied indemnification: Padin Day, if found to be an employer in violation of the FLSA and NYLL, would not be "compelled to pay for the wrong of" the Mr. Plaster parties—rather, it would be paying for *its own wrongs. 17 Vista Fee Assocs.*, 693 N.Y.S.2d at 557. Whether the Mr. Plaster parties would *also* be liable to plaintiffs for separate violations of the FLSA and NYLL would be a separate issue.

I therefore GRANT the Mr. Plaster parties' motion to dismiss Padin Day's claim for indemnification. Padin Day has not sought to amend this claim. Because leave to amend would be futile as a matter of law, I dismiss this claim without leave to amend and with prejudice. *See Williams v. Citigroup*, 659 F.3d 208, 214 (2d Cir. 2011).

### IV. Declaratory Judgment

Finally, Padin Day seeks a declaratory judgment that it is not plaintiffs' employer; that the Mr. Plaster parties are plaintiffs' employer; and that Padin Day and Mr. Padin are entitled to an award of attorneys' fees and costs.[6] Countercl. & Third-Party Compl. ¶ 74. Because I have dismissed all other causes of action in the Counterclaim and Third-Party Complaint, Padin Day is not entitled to relief under the Declaratory Judgment Act. *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (explaining that the Act "is not an independent source of federal jurisdiction," but rather "presupposes the existence of a judicially remediable right"); *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244–45 (2d Cir. 2012) ("[T]he [Act] . . . does not create an independent cause of action" (quoting *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007)). Moreover, this claim is duplicative of Padin Day's affirmative defenses. *Compare* Countercl. & Third-Party Compl. ¶ 74, *with* Separate and Affirmative Defenses ¶¶ 3, 11, 12, ECF No. 29. "A counterclaim seeking a declaratory judgment may be dismissed if it is duplicative of the counterclaimants' affirmative defenses." *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 430 (S.D.N.Y. 2021). Because leave to amend would therefore be futile as a matter of law even if Padin Day successfully amended its fraud or negligent workmanship claims, I GRANT the Mr. Plaster parties' motion to dismiss Padin Day's claim for a declaratory judgment and dismiss this claim without leave to amend and with prejudice. *See Williams*, 659 F.3d at 214.

---

[6] *See supra* note 3.

9

## CONCLUSION

For the foregoing reasons, I GRANT the Mr. Plaster parties' motion to dismiss the Counterclaim and Third-Party Complaint. The fraud and negligent workmanship claims are dismissed without prejudice and with leave to amend. The indemnification and declaratory judgment claims are dismissed with prejudice and without leave to amend. Any amended Counterclaim and Third-Party Complaint shall be filed on or before March 4, 2024.

Padin Day appears to seek sanctions pursuant to 28 U.S.C. § 1927 and/or Rule 11 of the Federal Rules of Civil Procedure, characterizing the Mr. Plaster parties' motion as "baseless" and requesting "counsel fees and costs for this vexatious multiplication of the proceedings." Opp'n 3. As evidenced by the fact that I have granted the motion, I do not deem it baseless. Padin Day's request for fees and costs is therefore DENIED.

SO ORDERED.

                                                                          /s/
                                                    Allyne R. Ross
                                                    United States District Judge

Dated:         February 15, 2024
                Brooklyn, New York