UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALEXIS GARCIA, ALVIN MALDONADO,
ANTONIO MONTIEL, DAVID TORRES,
GREVIL MARTINEZ, JOSUE MARTINEZ,
LUIS MIGUEL ZALDIVAR, LUIS SAMUEL
MARTINEZ, LUIS MARTINEZ ESCOTO,
STENFORD ANDREW MITCHELL, and WANDY
RAMIREZ,

                Plaintiffs,

          -against-

PADIN DAY INTERIOR GROUP, LLC, and
RAMIRO PADIN, individually,

                Defendants.

-------------------------------------------------------------X

PADIN DAY INTERIOR GROUP, LLC,

                Third-Party Plaintiff,
          -against-

MR. PLASTER, LLC (a New York Limited
Liability Company); JANE DOES 1-10, and
BUSINESS ENTITIES A-J,

                Third-Party Defendants.

-------------------------------------------------------------X

**ORDER**
22 CV 4356 (AMD) (PCG)

**CROSS-GOLDENBERG**, United States Magistrate Judge:

Plaintiffs Alexis Garcia, Alvin Maldonado, Antonio Montiel, David Torres, Grevil

Martinez, Josue Martinez, Luis Miguel Zaldivar, Luis Samuel Martinez, Luis Martinez Escoto,

Stenford Andrew Mitchell, and Wandy Ramirez commenced this action against defendants

Ramiro Padin and Padin Day Interior Group LLC, alleging that defendants violated various

provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

(Dkt. No. 9 ("Am. Compl.")) ¶¶ 1–6).  Defendant/third-party plaintiff Padin Day filed a third-party complaint against Mr. Plaster, LLC and various Jane Does and unidentified business entities and raised counterclaims against plaintiff David Torres, Mr. Plaster, LLC's owner.  (Dkt. No. 60 ("Third-Party Compl.")).

Presently before the Court is Padin Day and Ramiro Padin's motion to compel seeking responses to certain interrogatories and requests for production, verification of plaintiffs' and third-party defendant's interrogatory responses, and a request for attorneys' fees.  (Dkt. No. 94).  As explained below, defendants' motion is granted in part.

<u>BACKGROUND</u>

Plaintiffs, "carpenters and helpers," brought claims against Padin Day and Ramiro Padin ("defendants") under the FLSA and NYLL for failure to pay earned wages and overtime, failure to provide wage notices and wage statements, and failure to reimburse plaintiffs for equipment costs.  (Am. Compl. ¶¶ 65- 70, 82-91).  Specifically, plaintiffs claim that they were employees of defendant Padin Day LLC in the Spring and Summer of 2021, during which time they were improperly paid a flat rate, were not reimbursed for work-related expenses, and were not paid at all for the last two weeks of work.  (<u>Id.</u> ¶¶ 1-6, 11-43, 54-56, 58-61).  Plaintiffs also state that defendants failed to provide all employees with wage notices and wage statements.  (<u>Id.</u> ¶¶ 57, 62-64, 76-78).

Defendants assert that Padin Day was not plaintiffs' employer.  They filed a Third-Party Complaint against Mr. Plaster, LLC ("Mr. Plaster" or "Third-Party Defendant") and counterclaims against plaintiff David Torres, who is Mr. Plaster's owner.  Padin Day alleges that nonparty Unity Group, LLC hired Padin Day to act as a project manager for a project at the Staten Island Country Club, and Padin Day retained Torres's company Mr. Plaster as a contractor

2

to provide painting labor on the project.  Padin Day contends it was Mr. Plaster who in turn hired the remaining plaintiffs.  (Third Party Compl. ¶¶ 2, 3, 12-17).  In their present motion, defendants state that the only plaintiff with whom defendants communicated was Mr. Plaster's owner Torres.  (Dkt. No. 94-1 ("Mot.") at 3).  Defendants also maintain that plaintiff Torres convinced his employees that they could be paid more if they falsely claimed Padin Day was their employer and brought this lawsuit.  (Third Party Compl. ¶ 39).

Defendants also bring claims for breach of contract and unjust enrichment against both Mr. Plaster and plaintiff Torres, asserting that despite representations that Mr. Plaster employees were qualified and skilled painters, the work was "substandard or worse and [Padin Day] demanded that it be corrected or completed."  (Id. ¶¶ 20, 21, 27-29).  Defendants also claim that Mr. Plaster or its employees broke defendants' equipment.  (Id. ¶ 29).  Defendants allege that this resulted in $20,000 of damages accrued repairing sub-par work and that Mr. Plaster and plaintiff Torres were unjustly enriched in the amount of $28,000.  (Id. ¶¶ 37, 49-51).

On December 18, 2025, Padin Day and Ramiro Padin brought the present motion to compel, seeking an order (1) compelling plaintiffs and Mr. Plaster, LLC to (a) produce tax returns or alternative proof of income for 2020 – 2022(b) identify any work performed for Mr. Plaster, LLC, (c) identify all employers or entities for whom they performed work during 2020–2022, (d) identify any other employment lawsuits in which plaintiffs have been involved, (e) provide a privilege log for any information withheld on privilege grounds, or (e) serve sworn statements that no such documents exist; (2) compelling Mr. Plaster, LLC to answer certain interrogatories and produce documents responsive to various document requests; (3) compelling plaintiffs and Mr. Plaster to provide verification pages for interrogatory responses already served; and (4) awarding plaintiffs attorneys' fees and costs.  (Mot. at 2).  In the alternative, defendants

3

argue that plaintiffs and third-party defendant should produce documents for the Court's *in camera* review.  (Id. at 10).

DISCUSSION

A.  Motion to Compel

"Motions to compel and motions to quash are entrusted to the sound discretion of the district court."  In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (quoting United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000)); Ehrlich v. Incorporated Vill. of Sea Cliff, No. 04 CV 4025, 2007 WL 1593211, at *2 (E.D.N.Y. May 31, 2007).  A trial court's rulings with regard to discovery "are reversed only upon a clear showing of an abuse of discretion." Id., at *2 (quoting In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998)).

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in federal court cases.  Rule 26(b)(1) "authorizes discovery of any 'nonprivileged matter that is relevant to any party's claim or defense….Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  Garcia v. Benjamin Grp. Ent. Inc., 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (quoting Fed. R. Civ. P. 26(b)(1)).  "'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'"  Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).  While the scope of discovery is "broad," it is not "limitless."  Fears v. Wilhelmina Model Agency, Inc., No. 02 CV 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004). "'Evidence that is irrelevant or may result in undue prejudice is outside the scope of discovery.'" Lopez v. Guzman, No. 17 CV 1668, 2018 WL 1141132, at *1 (E.D.N.Y. Nov. 27, 2018) (quoting

4

Rosas v. Alice's Tea Cup, LLC, 127 F. Supp. 3d 4, 8 (S.D.N.Y. 2015)).  Discovery may not be used "'to explore matter which does not presently appear germane on the theory that it might conceivably become so.'"  Crosby v. City of New York, 269 F.R.D. at 282 (quoting In re Fontaine, 402 F. Supp. 1219, 1221 (S.D.N.Y. 1975)).  Further, as specified in Rule 26, discovery must be "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

Thus, Rule 26(b)(2)(c) requires the Court to limit the extent of discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit."

### 1.  Tax Documents and Plaintiffs' Employers

Tax filings are subject to civil discovery.  See United States v. Bonanno Organized Crime Fam., 119 F.R.D. 625, 627 (E.D.N.Y. 1988).  Still, courts are generally reluctant to order the production of personal financial documents and have imposed a heightened standard for the discovery of tax filings.  See Chen v. Repub. Rest. Corp., No. 07 CV 3307, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008) (holding that "[a]lthough tax returns are not privileged documents, Court[s] are reluctant to order their discovery in part because of the 'private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns'") (quoting Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)).  To protect the privacy interests surrounding the sensitive information contained in tax filings, courts use a two-part test before compelling their production: "'(1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.'"  Melendez v. Primavera Meats, Inc., 270 F.R.D. 143, 144 (E.D.N.Y. 2010) (quoting Sadofsky v. Fiesta

Prods., LLC, 252 F.R.D. 143, 149 (E.D.N.Y. 2008)).  The burden of satisfying both prongs of the test falls on the party seeking production of the tax filings.  Id.  See Uto v. Job Site Servs., 269 F.R.D. 209, 212 (E.D.N.Y. 2010) ("the modern trend appears to require the party seeking discovery to demonstrate both relevancy and a compelling need").

"The discovery of a plaintiff's tax returns in an FLSA case is generally not warranted as the information sought is at best only minimally relevant and can be more readily obtained from a less intrusive source, namely the defendant's own records."  D'Arpa v. Runway Towing Corp., No. 12 CV 1120, 2012 WL 6138481, at *3 (E.D.N.Y. Dec. 11, 2012).  "Thus, a more stringent standard for discovery of tax returns applies than the general standard of relevance for discovery in Federal Rule of Civil Procedure 26(b)(1)."  Sadofsky, 252 F.R.D. at 149 (internal quotations and citations omitted).

Where defendants seek tax documents to show that they never employed plaintiffs, courts have denied such discovery absent a showing that the information could not be found from alternative sources.  For example, in Melendez, defendants sought tax returns to prove they never employed plaintiffs.  270 F.R.D. at 145.  The Court precluded production of the tax returns because defendants could have posed interrogatories or asked questions at deposition to determine plaintiffs' employment history and held that defendants could raise the argument again if they made a showing that attempts to obtain the information by alternative means was unsuccessful.  Id.

Here, defendants seek plaintiffs' and third-party defendant's tax returns for a different purpose.  They seek to establish not only that plaintiffs were not employed by Padin Day but that they were employed by Mr. Plaster.  (Mot. at 5).  Padin Day argues that plaintiffs' tax documents

6

would show who the plaintiffs believed was their employer and that third-party defendant's tax records would similarly list who it believed it employed.

The Court agrees with defendants and finds that plaintiffs' and third-party defendant's tax records are relevant. However, the events underlying this litigation occurred between April 2021 and September 2022 and defendants' requests are therefore overbroad. Therefore, the first prong of the test is satisfied only as it relates to the period of April 2021 through the date of the initial Complaint, September 2022.

The Court also finds that the second prong of the test—that the information is not obtainable from a less intrusive source—is satisfied. Normally, an employer-defendant's own records would establish whether it employed a plaintiff. However, asking Padin Day to prove a negative through its own tax records would shed no light on the relationship between plaintiffs and Mr. Plaster. Defendants have also claimed that plaintiffs and third-party defendant "have refused to produce this information." (Mot. at 6). While defendants propound an interrogatory asking plaintiffs to "[i]dentify the date in which [they] were hired for subcontracting work with Defendant Padin Day, LLC," (Dkt. No. 90-1 at 19), plaintiffs assert in their opposition to the present motion that they already told defendants that they did not work for any employers other than defendants during the period. (Dkt. No. 95 ("Opp.") at 1). Therefore, defendants' attempts to obtain this information from less intrusive sources have not proven fruitful.

Accordingly, the Court grants defendants' request. Plaintiffs and third-party defendant shall produce tax returns or other proofs of income from April 2021 through the initiation of this lawsuit.

2. Identification of Plaintiffs' Employers

As discussed, defendants have put forth an affirmative defense that plaintiffs' claims are barred because they were the employees of Mr. Plaster rather than Padin Day. (Third Party Complaint at 15). Defendants' request for plaintiffs and third-party defendant to identify plaintiffs' employers and work performed for Mr. Plaster are squarely relevant to that defense. Accordingly, plaintiffs shall identify plaintiffs' employers from April 2021 through the initiation of this lawsuit and all work performed by plaintiffs for Mr. Plaster, LLC. Additionally, third party defendants shall identify which, if any, plaintiffs performed work for Mr. Plaster, LLC from April 2021 through the initiation of the lawsuit.

3. Employment Lawsuits

Defendants request information regarding other employment lawsuits initiated by plaintiffs' counsel on behalf of some of the plaintiffs. (Mot. at 6). When deciding whether to compel discovery of other lawsuits, "[t]he Court must look to the relevance of the other suits to the particular claims at issue." Thornton v. State Farm Mut. Auto Ins. Co., No. 06 CV 18, 2006 WL 3499986, at *2 (N.D. Ohio Dec. 5, 2006) (citing Payne v. Howard, 75 F.R.D. 465, 469 (D.D.C. 1997)). "[W]hether pleadings in one suit are 'reasonably calculated' to lead to admissible evidence in another suit ... depends on the nature of the claims, the time when the critical events in each case took place, and the precise involvement of the parties, among other considerations." Payne, 75 F.R.D. at 469.

Here, defendants state that the information from other lawsuits is necessary to determine the extent of damages that are attributable to defendants and to what extent plaintiffs have already been compensated for such damages. (Mot. at 6). They claim that, because plaintiffs

8

have used alternative names, and because plaintiffs and Mr. Plaster have refused to produce this information, this information is not feasibly available by alternative means.  (Id.)

The Court agrees that the information sought is relevant under the specific facts of this case.  Although information about plaintiffs' other employers is generally irrelevant in determining whether a defendant violated the FLSA or NYLL, the parties here dispute whether defendant Padin Day was the employer at all.  Indeed, Padin Day maintains that Mr. Plaster was the employer, that Mr. Plaster is owned by plaintiff Torres, and that Torres convinced the other plaintiffs to falsely claim that Padin Day was their employer when bringing this lawsuit.  (Third Party Compl. ¶ 39).  Therefore, whether plaintiffs have been involved in other employment lawsuits with Torres, Mr. Plaster, or other companies similarly situated to Padin Day (i.e., other alleged non-employers) is particularly relevant in determining whether they have already sought damages from an employer other than defendant for the work at issue in this litigation and relevant to Padin Day's allegations against Torres and Mr. Plaster.  However, the Court finds that defendants' request to compel plaintiff to "identify *any other* employment lawsuits in which they have been involved" is overbroad as it is not limited to information relevant to the parties' relationship to one another or to the claims in this action.

Accordingly, the Court grants defendants' request in part and Orders plaintiffs and third-party defendant Mr. Plaster, LLC to produce: (1) information about any employment lawsuits in which any plaintiff and Mr. Plaster, LLC was involved, and (2) any lawsuits involving the work described in the Complaint.  If no such lawsuits exist, plaintiffs and Mr. Plaster, LLC shall produce a sworn affidavit to that effect.

4.   Discovery Objections

Defendants also object to third-party defendants' general boilerplate objections to several interrogatories and document requests. "The party resisting discovery bears the burden of showing why discovery should be denied." Gesualdi v. Interstate Payroll Co., No. 14 CV 6780, 2016 WL 737909, at *1 (E.D.N.Y. Feb. 22, 2016) (quoting Freydl v. Meringolo, No. 09 CV 7196, 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011). General boilerplate objections "are inappropriate and unpersuasive." Leibovitz v. City of N.Y., No. 15 CV 546, 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017) (quotation omitted); Fischer v. Forrest, No. 14 CV 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("[R]esponses…stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing"). The Federal Rules of Civil Procedure require counsel to conduct a "reasonable inquiry" and to respond with specificity. Singh v. Lintech Electric, Inc., No. 18 CV 5780, 2021 WL 3914478, at *5 (E.D.N.Y. July 20, 2021) (citations omitted), report and recommendation adopted by, 2021 WL 3912416 (E.D.N.Y. Sept. 1, 2021); Leibovitz, 2017 WL 462515, at *2. A party may not simply refuse to answer. State Farm Mut. Auto. Ins. Co. v. Grafman, No. 04 CV 2609, 2016 WL 6126309, at *2 (E.D.N.Y. Oct. 20, 2016) (citing Braham v. Perelmuter, 2016 WL 1305118, at *2–3 (D. Conn. Apr. 1, 2016)). See also, Zanowic v. Reno, No. 97 CV 5292, 2000 WL 1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000) ("a party's failure to describe his efforts to obtain the information sought by plaintiffs renders his responses insufficient").

a)   Interrogatory No. 4

Interrogatory No. 4 asks third-party defendant to "[s]et forth whether [it] is aware of any admissions, statements, or declarations against interest by any person, whether a party or

otherwise, concerning any matter related to the subject matter of this litigation," and to "[s]pecify the complete contents of each admission, and if the admission was in writing, identify and annex a copy of each such admission." (Mot. at 7). Mr. Plaster objects to the interrogatory, stating the request "calls for an expansive answer that is better suited for Mr. Plaster's deposition." (Id.)

Third-party defendant's objection is improper as it fails to even attempt to answer the interrogatory or satisfy Mr. Plaster's obligation to describe its efforts to obtain the information. Mr. Plaster may not push off its obligation to respond to interrogatories simply because it prefers to respond at a deposition rather than through written discovery. Accordingly, the Court grants defendants' motion as it pertains to Interrogatory No. 4.

b) Interrogatory No. 9

Interrogatory No. 9 asks third-party defendant to "[i]dentify…the individual you submitted your subcontracting proposals to with Defendant Padin Day, LLC." (Mot. at 7). Mr. Plaster objected "because it assumes facts in dispute by the parties, namely whether Mr. Plaster was in fact a subcontractor." (Id.)

The very purpose of discovery is to gain insight into disputed facts. See Hamilton v. Kerik, No. 01 CV 6934, 2002 WL 31834428, at *1 n.2 (S.D.N.Y. Dec. 17, 2002). Although an interrogatory cannot require the responding party to adopt the facts as plaintiff sees them, Heilman v. Silva, No. 13 CV 2984, 2015 WL 1632693, at *5 (S.D. Cal. Apr. 13, 2015), reconsidered on other grounds by, 2015 WL 14103223 (S.D. Cal. June 8, 2015), "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33. That an interrogatory assumes a fact not in evidence "may be the basis for an objection during trial or some other evidentiary hearing. This however, is discovery." Garcia v. Clark, No. 10 CV 447 (E.D. Cal. Apr. 12, 2012).

11

A response to Interrogatory No. 9 does not require third-party defendant to presuppose that it was a subcontractor.  The Court therefore overrules third-party defendant's objection and grants defendants' motion as it pertains to Interrogatory No. 9.

c)    Document Demands Nos. 1, 7, and 15

Defendants ask this Court to compel third-party defendant to produce documents responsive to Document Demands Nos. 1, 7, and 15.[1]  Document Demand No. 1 seeks "[a]ny and all communications between [Mr. Plaster, LLC] and any former or current employee, supervisor, or manager of Plaintiffs," a request which defendants narrowed to communications relating to the job or this lawsuit.  (Mot. at 7, 9).  Document Demand No. 7 seeks "[a]ny and all employment applications [Mr. Plaster, LLC] received any prospective employee within the relevant timeframe."  (Id. at 8).  Document Demand No. 15 seeks "[a]ny and all communications with all other members of the Plaintiffs in [Mr. Plaster, LLC's] possession."  (Id.)  Third-party defendant objected to all three demands "on grounds that this request is unduly burdensome and not reasonably calculated to lead to admissible evidence."  (Id. at 7–8).

Courts in this District routinely strike down plain objections that requests are unduly burdensome or not calculated to lead to admissible evidence.  See, e.g., Integrated Structures Corp. v. Liberty Mut. Ins. Co., No. 21 CV 1744, 2022 WL 16786747, at *1 (E.D.N.Y. Aug. 9, 2022) (holding that an objection simply on the grounds that a request was "vague, overbroad, unduly burdensome, not proportional to the needs of the instant action, unlikely to lead to discoverable material, and irrelevant to any claim or defense in the instant action" was impermissible); United States v. Veeraswamy, 347 F.R.D. 591, 602 (E.D.N.Y. 2024) (finding

---

[1] Defendants' motion lists Document Demand No. 8 and third-party defendant states that it maintains its objections to the demand.  (Mot. at 6–9; Opp. at 2).  However, defendants state that the parties have resolved their dispute regarding Document Demand No. 8.  (Mot. at 6).  The Court does not, therefore, include this Demand the present Order.

12

boilerplate objections "insufficient to resist discovery"); <u>Eiklor v. Lowe's Home Ctrs., LLC</u>, No. 21 CV 5082, 2022 WL 16834574, at *1 (E.D.N.Y. Nov. 9, 2022) ("The timeworn phrases of overbroad, undue burden, vague and ambiguous are not a safe harbor to one seeking to avoid production").

The present objections are facially improper and provide no way for the defendants or the Court to determine their basis. Moreover, the information sought is clearly relevant to defendants' claim that they were never the plaintiffs' employers.

Third-party defendant maintains, however, that all documents pertaining to this lawsuit have been provided to defendants, save for those reserved under attorney-client privilege. (Opp. at 2). Mr. Plaster also stated in its opposition that it maintains its objections to Document Demand No. 7 but will answer the document request. (<u>Id.</u>)

Accordingly, the Court overrules third-party defendant's objections and grants defendants' motion as it pertains to Document Demands Nos. 1, 7, and 15. Third-party defendant shall provide responses to Document Demands Nos. 1 and 15. To the extent it has not already done so, Mr. Plaster shall also respond to Document Demand No. 7. If all such documents have been produced, the responding party shall file a sworn affidavit to that effect. If any documents are withheld on privilege grounds, the responding party shall produce a privilege log.

    5. <u>Verification</u>

Defendants ask this Court to compel plaintiffs and third-party defendant to provide verification pages for their discovery responses.

Federal Rule of Civil Procedure 33 requires answers to interrogatories to be made under oath. Fed. R. Civ. P. 33(b)(3). Rule 33 does not prescribe the form with which an answering

party must verify its interrogatory answers.  Zanowic v. Reno, No. 97 CV 5292, 2000 WL 1376251, at *5 (S.D.N.Y. Sept. 25, 2000).  "Either a declaration pursuant to [28 U.S.C. § 1746] or a statement under oath is sufficient."  Id.  The answering party must therefore  "(1) declare (or certify, verify, or state), (2) under penalty of perjury, (3) that the matter sworn to is true and correct."  In re World Trade Center Disaster Site Litig., 722 F.3d 483, 488 (2d Cir. 2013).

Accordingly, plaintiffs and third-party defendant are directed to verify their responses.

B.  Attorneys' Fees

Federal Rule of Civil Procedure 37 provides that a prevailing party on a motion to compel discovery is entitled to fees caused by the nonmoving party's failure to respond to discovery requests.  Fed. R. Civ. P. 37(d).  "'[T]he great operative principle of Rule 37 is that the loser pays the expenses incurred in making or opposing a motion to compel.'"  Jackson v. Nassau Cnty., 350 F.R.D. 227, 232–33 (E.D.N.Y. 2025) (quoting Romeo & Juliet Laser Hair Removal, Inc. v. Assara I, LLC, 08 CV 442, 2013 WL 3322249, at *3 (S.D.N.Y. July 2, 2013) (quotation modified by Jackson)).  Such an award is not appropriate, however, where the nonmoving party establishes that the opposing party's nondisclosure, response, or objection was substantially justified.  Fed. R. Civ. P. 37(d)(ii).  The burden of establishing the nondisclosure was justified is the nonmoving party's.  Jackson, 350 F.R.D. at 233 (quoting Wagner v. G4S Secure Integration, LLC, 19 CV 3547, 2021 WL 393076, at *3 (S.D.N.Y. Jan. 28, 2021) (internal citations omitted)).

Rule 37's "substantial justification" exception "hold[s] 'the opposing party to an objective standard of reasonableness.'"  Scelsi v. Habberstad Motorsport Inc., 19 CV 4315, 2021 WL 2589725, at *3 (E.D.N.Y. June 24, 2021) (quoting Bowne of N.Y. City, Inc. v. AmBase Corp., 161 F.R.D. 258, 262 (S.D.N.Y. 1995)).  This does not require a showing that the nonmoving party acted in good faith.  Jackson, 350 F.R.D. at 234 (quoting Klein v. Torrey Point

14

Grp., LLC, 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013)).  Such justification exists "where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute regarding compliance."  Hong v. JT Home Mgmt. LLC, 18 MC 2612, 2023 WL 6609303, at *1 (E.D.N.Y. Sept. 20, 2023) (quoting Jackson v. Nassau County, 602 F. Supp. 3d 352, 355 (E.D.N.Y. 2022)).  In other words, a party's discovery objection is substantially justified if "there was a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the contested action."  Jundan Wu v. Seol Garden, Inc., No. 16 CV 3613, 2018 WL 507315, at *8 (E.D.N.Y. Jan. 22, 2018) (citing Underdog Trucking, L.L.C. v. Verizon Servs. Corp., 273 F.R.D. 372, 377 (S.D.N.Y. 2011)).  However, "a party's failure to explain its nonproduction or delayed production of responsive discovery reflects its lack of substantial justification, as does a party's interpretation of interrogatories and requests for production in an artificially restrictive or hyper-technical manner to avoid disclosure."  Scelsi, 2021 WL 2589725, at *3 (citations and quotations omitted).  Courts decide substantial justification with leniency given the fact that attorneys must advocate for their clients.  Cardwell v. Davis Polk & Wardwell LLP, No. 19 CV 10256, 2021 WL 2650371, at *3 (S.D.N.Y. June 28, 2021).

Plaintiffs and Third-party defendant contend that the present motion to compel "reflects disagreement, not discovery misconduct."  (Opp. at 3).  Additionally, plaintiffs and third-party defendant have provided supplemental responses and produced "literally all documents pertaining to this lawsuit."  (Id.)  They also aver that they have already responded to many of defendants' requests.  (Id. at 1–2).  While the discovery objections at issue here were insufficient to overcome a motion to compel, the Court does not agree that defendants' and third-party

15

defendant's responses were unreasonable, especially in light of the leniency courts deploy in determining whether discovery conduct was substantially justified.

Accordingly, the Court denies defendants' request for attorneys' fees.

CONCLUSION

For the reasons stated above, the Court grants in part defendants' motion to compel. Plaintiffs and third-party defendant are Ordered to (1) produce tax returns or other proofs of income for the period of April 2021 through the initiation of this lawsuit; (2) identify plaintiffs' employers from April 2021 through the initiation of this lawsuit; (3) identify any work plaintiffs performed for Mr. Plaster, LLC; (4) provide information responsive to defendants' request for information about plaintiff's and third-party defendant's employment lawsuits; (5) provide responses to Interrogatories Nos. 4 and 9; (6) provide documents responsive to Document Demands Nos. 1, 7, and 15, to the extent any non-privileged documents exist and have not already been produced; (7) produce a privilege log for any documents fully or partially withheld on privilege grounds; and (8) verify responses to interrogatories.  The Court denies defendants' request for attorneys' fees.

Parties shall file a joint status report by **June 29, 2026** apprising the Court of the status of discovery, including the status of plaintiffs' and third-party defendant's compliance with this Order.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
          May 28, 2026

/s/ Peggy Cross-Goldenberg
Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York